*Eugene L. Jalbert,* City Solicitor *Nickerson H. Taylor,* for respondents.

JAMES BUTEAU *et al vs.* BOARD OF CANVASSERS OF THE CITY OF WOONSOCKET.

OCTOBER 30, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

---

[1]June 17, 1944. In the above-entitled case, upon consideration of the arguments of the parties, we are of the opinion that the list of caucus nominations filed on behalf of the district committee of the democratic party for the fifth representative district of the city of Woonsocket is valid. Our opinion will follow at a later date.

The prayer of the petitioners is granted and the writ of mandamus may issue returnable forthwith.

PER CURIAM. This is a petition for mandamus directing the respondents, as they constitute the board of canvassers of the city of Woonsocket, to issue certificates of nomination or election, as the case may be, in accordance with a list of proposed caucus nominations that was filed with respondents on behalf of the district committee of the democratic party for the eighth representative district in that city, to be voted upon at a caucus of such party that was scheduled to be held on June 16, 1944. The respondents, pursuant to our citation to show cause why the petition should not be granted, appeared by counsel and arguments on behalf of petitioners and respondents were heard. Thereupon we filed a rescript granting the relief prayed for and ordering the writ of mandamus to issue.

The material facts are substantially similar to those appearing in *Linton* v. *Board of Canvassers*, 70 R. I. 385, which was heard and decided together with the instant case. For our purposes the important differences are that the district committee here was composed of only three members; that the name of Philip Belrose, who signed the list of caucus nominations for the committee as its chairman, was recorded with the respondent board but the name of George J. Paquin, who signed such list as secretary of said committee, was not recorded with the board as a member of said committee. It appears from the allegations of the petition and supporting evidence that George J. Paquin was duly elected by the other members of the committee to fill a vacancy caused therein by the resignation of his wife, but that no statement of such vacancy or election was filed with the board. Such other differences in the facts as may have appeared were not important in deciding the basic question of law. Therefore the respondents here, as in the *Linton* case, relied solely on the contention that the list of proposed caucus nominations as a whole was invalid and illegally filed because it did not contain the signatures of a majority

of the members of said committee as their names were recorded with the board. They concede, however, that if the list may be valid, notwithstanding that it is signed by less than a majority of the committee's members whose names are so recorded, the petitioners are entitled to the relief prayed for.

Assuming, without deciding, that the board was justified in the circumstances in considering that George J. Paquin was not qualified to sign the list on behalf of the committee, because no statement of any vacancy in, or of his election to, the district committee had been filed with the board, nevertheless the list of proposed caucus nominations was signed by that committee's chairman whose name admittedly was recorded with the board. There was no protest against the filing of such list and no claim is here made that it was contrary to any specific statutory provision, or of any of the rules of the committee, or of the state committee of the same political party.

In the absence of specific statutory provision requiring that such list of proposed caucus nominations contain the signatures of more than one member of the committee and in the absence of any protest whatever, the list in question carried on its face *prima facie* evidence of its authenticity as the act of the committee. The only evidence before the board was in favor of the validity of that list of caucus nominations as the act of the committee and the authorized filing thereof.

In our opinion the conclusions on the law as set forth in the *Linton* case, *supra,* are equally applicable to the facts in the instant case and, in the existing circumstances, the respondent board was bound by law to certify to the secretary of state the several nominations and elections, as the case may be, according to such list and to issue to the several individuals named therein proper certificates of nomination or election as the case may be.

Inasmuch as this petition has been disposed of by our rescript heretofore filed, no further order is now required.[1]

*James H. Kiernan, Sidney L. Rabinowitz, Walter L. Sharkey, Irving I. Zimmerman,* for petitioners.

*Eugene L. Jalbert,* City Solicitor *Nickerson H. Taylor,* for respondents.

---

[1]June 17, 1944. In the above-entitled case, upon consideration of the arguments of the parties, we are of the opinion that the list of caucus nominations filed on behalf of the district committee of the democratic party for the eighth representative district of the city of Woonsocket is valid. Our opinion will follow at a later date.

· The prayer of the petitioners is granted and the writ of mandamus may issue returnable forthwith.